IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| WALTER SCOTT PARKER, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:13-cv-322 |
| ) | |
| INTEGRITY FINANCIAL PARTNERS, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, WALTER SCOTT PARKER, III ("Plaintiff"), through his attorney, Christopher D. Lane, alleges the following against Defendant, INTEGRITY FINANCIAL PARTNERS, INC. ("Defendant"):

## INTRODUCTION

1. Count I Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692, *et seq*. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the North Carolina Fair Debt Collection Practices Act, N.C. Gen. Stat. §58-70, *et seq*. ("NCDCA").

3. Count III Plaintiff's Complaint is based on the North Carolina Unfair Trade Practices Act, N.C. Gen. Stat. § 75-1.1, et seq. ("NCUTPA").

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367, and 15 U.S.C. §1692k.

5. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court

1

without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained within.

6. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in Greensboro, Guilford County, North Carolina.
8. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*.
9. Plaintiff is a person as the term is defined by N.C. Gen.Stat. § 58-70-6(4).
10. Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.
11. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*.
12. Defendant is a collection agency as the term is defined by N.C. Gen.Stat. §58-70-15, and is duly licensed collect debt in the state of North Carolina pursuant to N.C. Gen. Stat. §58-70-1.
13. Defendant is a collection agency headquartered in Overland Park, Kansas.
14. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.
15. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.
16. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.
17. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.
18. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via

the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

19. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

20. Defendant is attempting to collect a consumer debt from Plaintiff that Plaintiff does not owe.

21. The alleged debt at issue arises from transactions for personal, family, and household purposes.

22. Starting approximately one year ago, Defendant began placing collection calls to Plaintiff at 336-545-1213.

23. Plaintiff believes Defendant is attempting to collect a debt from Wesley Parker.

24. Plaintiff does not owe the debt and does not know Wesley Parker.

25. On more than one occasion, Plaintiff told Defendant that Plaintiff is not the debtor, and Plaintiff does not know the debtor.

26. On more than one occasion, Plaintiff requested Defendant to stop calling Plaintiff.

27. Despite Plaintiff's repeated requests, Defendant continued to call Plaintiff in an attempt to collect a debt.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

28. Defendant violated the FDCPA based on the following:

    a. Defendant's violated §1692c(a)(1) by contacting Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

3

b. Defendant violated *§1692d* of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt.

c. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

29. Defendant's acts as described above were done intentionally with the purpose of harassing Plaintiff.

30. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff for actual damages, statutory damages, and costs and attorney's fees.

## COUNT II
## VIOLATIONS OF THE NORTH CAROLINA
## FAIR DEBT COLLECTION PRACTICES ACT

31. Plaintiff repeats and realleges paragraphs 1-27 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

32. Defendant violated the NCDCA based on the following:

    a. Defendant caused a telephone to ring or engaged the Plaintiff in telephone conversation with such frequency as to be unreasonable or to constitute a harassment to Plaintiff under the circumstances, in violation of N.C. Gen.Stat. § 58-70-100(3).

## COUNT III
## VIOLATIONS OF THE NORTH CAROLINA UNFAIR TRADE PRACTICES ACT

33. Plaintiff repeats and realleges paragraphs 1-27 of Plaintiff's Complaint as the allegations in Count III of Plaintiff's Complaint.

34. Defendant's unfair or deceptive acts to collect the Debt occurred in commerce, in violation of N.C. Gen.Stat. § 75-1.1.

35. Defendant violated the §75-1.1 and §75-52 of the NCDCA by engaging in any conduct, the natural consequence of which is to oppress, harass, or abuse any person in connection with the attempt to collect any debt.

36. Plaintiff suffered mental anguish and other damages in an amount to be proven at trial.

37. Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under N.C. Gen. Stat. § 75-1.1 and, as such, Plaintiff is entitled to damages plus reasonable attorney's fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, WALTER SCOTT PARKER, III, respectfully requests judgment be entered against Defendant, INTEGRITY FINANCIAL PARTNERS, INC., for the following:

1. Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3);

4. Actual damages pursuant to N.C. Gen. Stat. §58-70-130(a);

5. Statutory damages of $4,000.00 for each violation pursuant to N.C. Gen. Stat. §58-70-130(b);

6. Attorney's fees pursuant to N.C.G.S. §75-16.1;

7. Statutory damages pursuant to 47 U.S.C. §227(b)(3)(B) & (C);

8. Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA and North Carolina state law violations in an amount to be determined at trial for the Plaintiff;

9. At trial by jury on all issues of fact;

10. Such other and further relief as may be just and proper.

DATED: April 18, 2013				RESPECTFULLY SUBMITTED,


						By: /s/ Christopher D. Lane
							Christopher D. Lane
							NC Bar ID # 20302
							3802 Clemmons Road, Suite A
							Clemmons, NC 27012
							Phone: 336-766-0229
							Fax: 336-766-9145
							cdllaw@juno.com
							Attorney for Plaintiff

6